**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AUBREY LEE CHRISTIAN,**

           **Plaintiff,**

**-vs-**                                               **Case No. 6:11-cv-1869-Orl-22DAB**

**ASTRAZENECA CORPORATION,**

           **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

Plaintiff proceeding *pro se* filed his "Complaint for Negligence" (Doc. 1) in this Court alleging injury from ingesting the drug Seroquel produced by Defendant. Because the Complaint did not contain a statement of venue, and Plaintiff listed his address as a Correctional Facility in Muskegon Heights, Michigan (*see* Doc. 1), the Court ordered Plaintiff to show cause why his case should not be dismissed or transferred for lack of proper venue. Plaintiff filed a response on December 23, 2011 which stated that he was unaware that the original complaint should have been filed first in the jurisdiction where defendant resides or the substantial events or omissions giving rise to the claim occurred. Doc. 8. Plaintiff also requests that his case remain in this Court despite the lack of venue over his claim.

A Plaintiff must file suit in a court which has jurisdiction and venue over the allegations in his complaint. *See* 28 U.S.C. § 1391. Plaintiff alleges jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Doc. 1. Where jurisdiction is founded only on diversity of citizenship, a civil action may

be brought only in a district where the defendant resides or where a substantial part of the events or omissions giving rise to the claim occurred.[1]  28 U.S.C. § 1391(a)(1) & (2).

The drug Seroquel has previously been the subject of multidistrict litigation in this Court and such cases were transferred by the Judicial Panel on Multidistrict Litigation from other federal courts to this Court **after** they were filed in a court with proper venue:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers fur such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.

28 U.S.C. § 1407.

It is respectfully **RECOMMENDED** that Plaintiff's case be transferred to the United States District Court for the Western District of Michigan for lack of proper venue.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 3, 2012.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[1] A third venue option does not apply to this case.  28 U.S.C. § 1391(a)(3).